UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LILLIAN JANETTE H. ROBERTSON, MARY
MARGARET POLLES, HUMBER POLLES, INC. and
HUMBER ROBERTSON, INC.                                                  PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 4:06CV67

UNION PLANTERS BANK, et al.                                              DEFENDANTS

ORDER

This cause comes before the court on the motion of defendant Regions Bank for partial summary judgment, pursuant to Fed. R. Civ. P. 56. The court, having considered the memoranda and submissions of the parties, is prepared to rule.

Plaintiffs filed the instant action seeking to hold defendant Regions Bank liable for, *inter alia*, breaches of fiduciary duties which it allegedly committed in its role as the executor of the estate of James F. Humber, Jr. ("the decedent").[1] The decedent, who died in 1999, was the father of plaintiffs Jan Robertson and Mary Margaret Polles, and issues relating to the probate of his will continue to be litigated in the Chancery Court of Coahoma County to this date. In their complaint, plaintiffs allege that, in its capacity as executor, defendant improperly paid a $496,875.00 debt to First National Bank out of the assets of the decedent's estate even though, they contend, an accounting would have revealed that the debt in question was a partnership debt

---

[1] Defendant Union Planters initially served as the executor of the decedent's estate until it merged with Regions Bank, following which Regions became the executor.

as to which the decedent had already paid his fair share.

Plaintiffs make numerous other allegations of breaches of fiduciary duties on the part of defendant in their complaint, including allegations relating to the sale of real property located in Mississippi to the decedent's son, James F. Humber, III, allegedly at less than a fair market price. On June 11, 2004, the Chancery Court of Coahoma County nevertheless approved the sale of the properties in question, over the objections of the plaintiffs herein. Apparently dissatisfied with this and other rulings, plaintiffs filed the instant action in this court on April 14, 2006. The court presently has before it a motion for partial summary judgment or alternatively to stay, filed by Regions.

In response to the motion, plaintiffs have sought for this court to stay its ruling on the summary judgment motion pending the completion of proceedings which are ongoing in chancery court to remove Regions as executor of the decedent's estate. The court would note that, in its motion, defendant raises a number of arguments which give this court very serious doubts as to whether federal court is the proper venue for deciding many, if not all, of the claims herein. It appears that this federal action was filed at least partly out of frustration over the rulings of the chancellor, but this court has no authority to re-litigate probate matters which have already been litigated in chancery court. At the same time, the court would note that the present motion is only a partial motion for summary judgment, and defendant alternatively seeks for the court to stay the present action pending completion of probate proceedings.

It thus appears that the parties are in at least tacit agreement that it would be improper to litigate the instant matter while probate proceedings are ongoing in chancery court. The court will therefore dismiss the motion for partial summary judgment at this juncture, without

prejudice to re-filing at a later date. The court will also order that this entire action be stayed pending completion of the probate proceedings in chancery court. Once these proceedings have been completed, the court can evaluate which claims remain in this case and whether they are barred by *res judicata* or whether some form of abstention is appropriate as to these claims. The court does not wish to prejudge these issues at this juncture, however, while the underlying probate litigation in chancery court is ongoing.

In light of the foregoing, it is ordered that defendant's motion for summary judgment [17-1] and plaintiffs' motion to stay [19-1] are dismissed without prejudice.[2] This case is hereby stayed pending the completion of probate proceedings in the Chancery Court of Coahoma County.

SO ORDERED, this 12th day of June, 2007.

                                        **/s/ Michael P. Mills**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The court has dismissed, rather than granted, plaintiff's motion to stay since that motion sought a more limited stay, pending completion of proceedings to remove the executor. The court concludes, however, that it would be improper to litigate this matter while probate proceedings are ongoing and that a broader stay is thus necessary. However, either party may file a motion to lift the stay at an earlier date if they provide specific arguments as to why this court should consider these issues while probate is still ongoing.